FILED
2026 Feb-23 PM 12:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EUGENE HARPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: _______________** |
| | ) | |
| **LIEUTENANT AKEEM EDMONDS,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

**COMES NOW,** the Plaintiff, Eugene Harper, by and through the undersigned counsel and alleges the following:

## PARTIES

1. **Plaintiff Eugene Harper** ("Plaintiff") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant hereto, Plaintiff was in the custody of the Alabama Department of Corrections ("ADOC"), being housed at William E. Donaldson Correctional Facility ("Donaldson") in Bessemer, Alabama. Plaintiff is currently housed at St. Clair Correctional Facility in Springville, Alabama.

2. **Defendant Lieutenant Akeem Edmonds** ("Defendant Edmonds" or "Defendant") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant hereto, Defendant

Edmonds was employed by the ADOC as a Lieutenant at Donaldson and acted under the color of law. Defendant Edmonds is being sued in his individual and official capacities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action seeks redress for the violation of Plaintiff's Eighth and Fourteenth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.
4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.
5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

6. On February 22, 2024, Plaintiff was housed in "N Dorm" at Donaldson in Bessemer, Alabama.
7. That morning, Officer Greer deployed a chemical irritant against inmate Torez during an argument and called a "code," resulting in numerous officers responding to the dorm.

8. Plaintiff attempted to de-escalate the situation, did not pose a threat of harm to any person, was unarmed, and was compliant.
9. Defendant Edmonds entered the dorm during the response to Officer Greer's code.
10. Defendant Edmonds ordered Plaintiff and other inmates to lay face down on their beds.
11. Plaintiff followed such orders without issue. He did not resist, strike, threaten, or attempt to flee from Defendant Edmonds or any other officer.
12. Without penological justification, Defendant Edmonds sprayed Plaintiff with a chemical irritant.
13. Plaintiff began vomiting because of the effects of the chemical irritant.
14. Defendant Edmonds handcuffed Plaintiff from behind while he lay face down. While restrained and defenseless, Defendant Edmonds repeatedly struck Plaintiff with a baton and/or stick on his side and torso.
15. As a result of the assault, Plaintiff suffered pain and injuries to his ribs, torso, face, and had difficulty breathing.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

16. Plaintiff adopts and re-alleges paragraphs 1-3 and 5-15 of this Complaint as if fully set forth herein.

17. At all times relevant hereto, Plaintiff was unarmed, compliant, and posed no threat of harm to Defendant Edmonds or to any other person. He did not resist, strike, threaten, or attempt to flee from any officer.

18. Despite Plaintiff's compliance and lack of resistance, Defendant Edmonds deployed chemical spray against Plaintiff without justification or provocation.

19. After spraying Plaintiff and causing him to vomit, Defendant Edmonds placed Plaintiff in handcuffs and forced him face down. While Plaintiff was restrained, defenseless, and physically incapacitated from the spray, Defendant Edmonds repeatedly struck him with a baton or stick, targeting his ribs and torso.

20. Defendant Edmonds lacked any lawful penological justification to use force against Plaintiff. The force was not applied in a good-faith effort to maintain or restore discipline. Rather, it was applied maliciously and sadistically for the very purpose of causing harm.

21. The amount of force used, chemical irritants followed by repeated baton strikes to Plaintiff who was already restrained, was grossly disproportionate to any conceivable need for force under the circumstances.

22. As a result of Defendant's unjustified and unconstitutional use of force, Plaintiff sustained severe injuries to his person, including pain and injuries to his ribs, torso, face, and had difficulty breathing.

23. The force exercised by Defendant Edmonds amounted to a clear violation of Plaintiff's constitutionally protected right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

## STATE CLAIMS

### COUNT II: ASSAULT AND BATTERY

24. Plaintiff adopts and re-alleges paragraphs 1-15 of this Complaint as if fully set forth herein.

25. On February 22, 2024, Plaintiff was unarmed, compliant, and posed no threat of harm to Defendant Edmonds or any other officer.

26. Defendant Edmonds intentionally and unlawfully subjected Plaintiff to harmful and offensive contact when he sprayed him with a chemical irritant even though he was fully compliant.

27. Defendant Edmonds further intentionally and unlawfully subjected Plaintiff to harmful and offensive contact when he repeatedly struck Plaintiff with a baton and/or stick on his side and torso after Plaintiff was restrained and suffering from the effects of the chemical irritant.

28. Defendant Edmonds knew that his actions carried severe medical risks, but he wholly disregarded such risks.

29. As a result of Defendant's assault and battery, Plaintiff sustained substantial physical injuries, including pain and injuries to his ribs, torso, face, and had difficulty breathing.

**COUNT III: WANTONNESS**

30. Plaintiff adopts and re-alleges paragraphs 1-15 of this Complaint as if fully set forth herein.

31. On February 22, 2024, Plaintiff was unarmed, compliant, and posed no threat of harm to any person when Defendant Edmonds engaged in conduct he knew was likely to cause physical injury to Plaintiff.

32. Defendant Edmonds acted wantonly by forcibly spraying Plaintiff with a chemical irritant even though he was fully compliant.

33. Defendant Edmonds further acted wantonly when he repeatedly struck Plaintiff with a baton and/or stick on his side and torso after Plaintiff was restrained and suffering from the effects of the chemical irritant.

34. Defendant Edmonds's actions were performed consciously and with reckless disregard for Plaintiff's safety, and Defendant Edmonds knew that injury to Plaintiff would likely or probably result.

35. Defendant's actions were performed willfully, maliciously, in bad faith, and beyond the scope of his authority.

36. As a direct and proximate result of Defendant's wantonness, Plaintiff suffered severe injuries, including pain and injuries to his ribs, torso, face, and had difficulty breathing.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendant for the following relief:

a. Compensatory damages for emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages in an amount to be determined by a jury;

b. Nominal damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e. All other and further monetary and/or equitable relief as this Honorable Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted on this 22nd day of February 2026.

*/s/ Kristen E. Gochett*
Leroy Maxwell, Jr.
Kristen E. Gochett
*Counsel for Plaintiff*

**OF COUNSEL:**
**Maxwell & Tillman**
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Email: kgochett@mxlawfirm.com
Email: maxwell@mxlawfirm.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL.**

*/s/ Kristen E. Gochett*
OF COUNSEL